Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000493
28-FEB-2018
08:09 AM

NO. CAAP-15-0000493

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
MICHAEL CASH, JR., also known as MICHAEL W. CASH,
Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR. NO. 14-1-0003)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Ginoza and Chan, JJ.)

Defendant-Appellant Michael Cash, Jr., also known as
Michael W. Cash (Cash) appeals from the June 3, 2015 Judgment of
Conviction and Probation Sentence entered by the Family Court of
the First Circuit (Family Court).[1]  Cash was convicted of Abuse
of Family or Household Member in violation of Hawai'i Revised
Statutes (HRS) § 709-906 (Supp. 2013) and sentenced to probation
for two years, subject to certain terms and conditions, including
imprisonment for ten days.

Cash raises three points on appeal:  (1) the Family
Court erred by instructing the jury on the included offense of
Abuse of a Family or Household Member as a misdemeanor
(Misdemeanor Abuse) as he argues there was no evidence in support
of that offense; (2) the judgment and conviction is invalid
because applying pressure to a family member's throat or neck
without impeding normal breathing or circulation of blood, and
without bodily injury, is not a crime under the Hawai'i Penal
Code; and (3) the Family Court committed plain error when it

---

[1]     The Honorable Dexter D. Del Rosario presided.

removed a juror for cause after all of the regular jurors had been passed for cause and both sides had exercised or waived all of their peremptory challenges.

After a careful review of the points raised, the arguments presented by the parties, the record, and the applicable authority, we resolve Cash's points on appeal as follows and affirm.

1.  There was a rational basis in the evidence to support an instruction on the lesser included offense of Misdemeanor Abuse. Cash was charged under HRS § 709-906(1) and (8) for Abuse of a Household Member by impeding breathing or circulation as a class C felony (Felony Abuse).[2] The challenged instruction was based on HRS § 709-906(1), Misdemeanor Abuse. See HRS § 709-906(5). Cash does not dispute that Misdemeanor Abuse is a lesser included offense of Felony Abuse. State v. Caldwell, 127 Hawai'i 413, 279 P.3d 78, No. 30204, 2012 WL 1959575 *1 (App. May 31, 2012) (SDO). Rather, Cash argues there was no rational basis in the evidence to acquit him of Felony Abuse and convict him of Misdemeanor Abuse because the testimony supported either the Felony Abuse charge or acquittal.

There was clear evidence that the complaining witness (CW) had suffered physical abuse. CW testified that her throat hurt when she tried to swallow for a few hours after the altercation. The emergency room nurse testified that CW had a slight swelling to the left side of her throat and complained of a headache. The emergency room doctor testified that CW reported a sore throat. Three days later, a second doctor noticed redness of the skin, mild bruising, tenderness, and swelling on CW's neck.

---

[2]       709-906. **Abuse of family or household members; penalty.** (1)  It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member[.]

. . . .

(8)  Where the physical abuse consists of intentionally or knowingly impeding the normal breathing or circulation of the blood of the family or household member by applying pressure on the throat or the neck, abuse of a family or household member is a class C felony.

There was also evidence that could have led the jury to conclude that there had been no impediment of the normal breathing or circulation of the blood, supporting an acquittal of the Felony Abuse charge. Because "jurors are at liberty to believe all, none, or part of the evidence as they see fit," State v. Kaeo, 132 Hawai'i 451, 465, 323 P.3d 95, 109 (2014) (citation and internal quotation marks omitted), there was a "rational basis in the evidence" because the jury could conclude that CW sustained injuries or felt pain as a result of Cash's putting his hands around her neck and squeezing, yet also conclude that her normal breathing or blood circulation was not impeded. See Caldwell, SDO at *1. See also State v. Canady, 80 Hawai'i 469, 474, 911 P.2d 104, 109 (App. 1996) (stating that to "physically abuse" someone is to "maltreat in such a manner as to cause injury, hurt or damage to that person's body") (citation and internal quotation marks omitted); State v. Nomura, 79 Hawai'i 413, 416, 903 P.2d 718, 721 (App. 1995) (stating that to physically abuse is to cause "bodily injury to another person"); and HRS § 707-700 (2014) (including "physical pain" in the definition of "bodily injury"). In addition, on the date of the offense, the emergency room doctor diagnosed CW with a neck contusion but found no visible injuries or signs of strangulation, and the x-rays indicated no internal injuries. Therefore, there was "a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense," and the Family Court was therefore required to instruct the jury on the included offense. State v. Flores, 131 Hawai'i 43, 51, 314 P.3d 120, 128 (2013) (citation and internal quotation marks omitted).

2. Cash argues that the instruction given to the jury on the lesser included offense of Misdemeanor Abuse was plain error because

> the behavior defined by the trial court cannot constitute [Misdemeanor Abuse] under HRS § 709-906(1) because it would lead to an absurd result. As defined by the [Family Court], a defendant who recklessly applies pressure to the throat or neck of a family or household member cannot be convicted of a misdemeanor if he impedes the normal breathing or circulation of the blood. In addition, the behavior defined as a misdemeanor abuse by the [Family Court] would permit the State to convict a defendant who applied pressure to a

family member's neck or throat even [if] the family member does not suffer bodily injury.

We disagree.

The jury was instructed regarding Misdemeanor Abuse as follows:

> If and only if you find the defendant not guilty of Abuse of Family or Household Members by Impeding Breathing or Circulation, or you are unable to reach a unanimous verdict as to this offense, then you must consider whether the defendant is guilty or not guilty of the offense of Abuse of Family or Household Members.
>
> A person commits the offense of Abuse of Family or Household Members if he intentionally, knowingly, or recklessly physically abuses a household member by applying pressure on the throat or neck without impeding the normal breathing or circulation of blood.
>
> There are four material elements of the offense of Abuse of Family or Household Members, each of which the prosecution must prove beyond a reasonable doubt.
>
> These four elements are:
>
> 1. That, on or about February 10, 2014, on the island of Oahu, the Defendant physically abused [CW]; and
>
> 2. That the Defendant did so by applying pressure on her throat or neck without impeding the normal breathing or circulation of blood; and
>
> 3. That, at that time, the Defendant and [CW] were household members; and
>
> 4. That the Defendant acted intentionally, knowingly, or recklessly as to each of the foregoing elements.
>
> "Household member" means persons jointly residing in the same dwelling unit.

Cash challenges the instruction, arguing that it erroneously told the jury that even if it found Cash impeded normal breathing or circulation of blood by the application of pressure to the throat or neck, it could not find Cash guilty of Misdemeanor Abuse if the jury only found he acted with a reckless state of mind. Cash fails to explain why this instruction caused him prejudice, as a jury that so found would return a verdict of not guilty. See State v. Nichols, 111 Hawai'i 327, 334, 141 P.3d 974, 981 (2006) ("When jury instructions or the omission thereof are at issue on appeal, the standard of review is whether, when read and considered as a whole, the instructions given are

4

prejudicially insufficient, erroneous, inconsistent, or misleading.") (citation omitted and emphasis added)).

Cash also argues that the behavior defined by this instruction would permit the State to convict a defendant who applied pressure to a family member's neck or throat even if the family member does not suffer bodily injury. However, Misdemeanor Abuse requires proof of physical abuse, not necessarily bodily injury. Nomura, 79 Hawai'i at 416, 903 P.2d at 721 ("to 'physically abuse' someone means to maltreat in such a manner as to cause injury, hurt, or damage to that person's body"). The challenged instruction directed that, to convict of Misdemeanor Abuse, the jury must find Cash "physically abused" the CW and thus was a correct statement of the law.

3. Cash argues that a juror may not be removed for cause after the juror has been passed for cause and both parties have exhausted their peremptory challenges, and that the removal of the prospective juror benefitted the State and did not benefit him.

Cash did not object to removing the prospective juror for cause and specifically responded to the Circuit Court when asked, "I have no objection. I will defer to the Court as to dismissing the juror." Thus, Cash did not preserve this error for appeal.

On plain error review, we find none. The Family Court clearly stated its reason for excusing the juror for cause: "[A] juror who is making a judgment on the case based on an attorney's performance in such a short period cannot be fair." The Family Court's rationale could apply to both the prosecution and the defense. In any event, Cash provides no authority for the proposition that it is error to excuse a juror for cause where the bias is against only one party.

The information regarding this juror's bias came to light during a break after the regular jury panel had already been selected and after the parties had exercised or waived their original three peremptory challenges. The Family Court gave both counsel an additional peremptory challenge, which both counsel waived. The circumstances in this case are unlike those in State

5

v. Ho, 127 Hawai'i 415, 279 P.3d 683 (2012) and State v. Carvalho, 79 Hawai'i 165, 880 P.2d 217 (1994), the cases that Cash cites. Cash argues that the Family Court did not allow counsel to exercise this additional peremptory challenge with regard to the entire panel. We note that Cash's counsel had already waived the second and third of his original three peremptory challenges and Cash does not allege, let alone 'identify, who he would have challenged had he been allowed to exercise his fourth challenge against the entire seated panel.

The Family Court's procedure in replacing the juror for cause was not plain error.

Based on the foregoing, the June 3, 2015 Judgment of Conviction and Probation Sentence entered by the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, February 28, 2018.

On the briefs:

William H. Jameson, Jr.,
Deputy Public Defender
for Defendant-Appellant.

Presiding Judge

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge